**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                      Case No. 3:15-cv-573-J-34JRK

TERRENCE L. BOZMAN,

          Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

### <u>I.  Status</u>

      This cause is before the Court on Plaintiff's Motion for Entry of Default Judgment (Doc. No. 18; "Motion"), filed March 25, 2016, that seeks a default judgment against Defendant for a total of $18,731.60, based on claims regarding two defaulted student loan debts with interest, as well as attorney's fees and costs.  <u>See generally</u> Motion.  The Motion was referred to the undersigned upon filing.  Despite being permitted adequate time to respond to the Motion, Defendant has failed to do so.  Accordingly, the Motion is deemed unopposed. For the reasons discussed below, the undersigned recommends that the Motion be granted in part and denied in part.

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  <u>Id.</u>  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  <u>See</u> Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## II.  Background

Plaintiff initiated this action by filing a two-count Complaint (Doc. No. 1) on May 7, 2015, to reduce Defendant's two defaulted student loan debts to judgment.  Defendant was served with the summons and Complaint on May 7, 2015.  See Return of Service (Doc. No. 6), filed May 28, 2015.  On May 28, 2015, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in the case.  See Application and Declaration for Entry of Defendant's Default (Doc. No. 8).  A Clerk's Entry of Default (Doc. No. 9) was entered against Defendant on May 29, 2015, and Plaintiff filed a Motion for Entry of Default Judgment (Doc. No. 10) on June 5, 2015.

On November 5, 2015, the undersigned denied the motion without prejudice due to a deficiency in Plaintiff's Complaint.  See Amended Order (Doc. No. 13).  Specifically, the undersigned noted that the Complaint failed to assert allegations or attach a document supporting one of Plaintiff's claims.  See id. at 3-4.  Plaintiff was given the opportunity to file an amended complaint to correct the deficiency.  Id. at 4.  On December 14, 2015, Plaintiff filed an amended Complaint (Doc. No. 16), followed shortly by a corrected amended Complaint (Doc. No. 17; "Amended Complaint" or "Am. Compl.") on December 16, 2015, that is now the operative pleading.[2]  Plaintiff then filed the instant Motion on March 25, 2016.

---

[2]     Rule 5(a)(2), Federal Rules of Civil Procedure ("Rule(s)"), states that "[n]o service is required on a party who is in default for failing to appear[, b]ut a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."  Fed. R. Civ. P. 5(a)(2); see also Varnes v. Local 91, 674 F.2d 1365, 1368 (11th Cir. 1982).  Here, the Amended Complaint does not assert any new claims.  Aside from including updated interest amounts for the loan debts, the Amended Complaint differs from the original Complaint only by attaching a document (Exhibit B) to support a claim that was also asserted in the original Complaint.  Accordingly, because Defendant is in default as to the original Complaint, service of the Amended Complaint was not required.

On April 12, 2016, the undersigned entered an Order (Doc. No. 19) directing the Clerk of Court to enter a default against Defendant and to send Defendant a copy of the Motion. The undersigned also directed Defendant to respond to the Motion by April 26, 2016, failing which the Motion would be deemed unopposed.  See Order (Doc. No. 19) at 2.  A Clerk's Entry of Default (Doc. No. 20) was entered against Defendant on April 13, 2016.  As noted above, Defendant has not responded to the Motion.

### III.  Applicable Law

Rule 55 provides the requirements for entry of a default judgment.  See Fed. R. Civ. P 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case has never been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[3]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## IV.  Discussion

The Motion seeks a default judgment against Defendant based on the Amended Complaint. See generally Motion.[4] The Amended Complaint claims Defendant owes Plaintiff two defaulted student loan debts of the following respective amounts, including interest accrued as of November 20, 2015: on the first loan, $3,870.89 in principal and $5,705.38 in interest ($9,576.27 total); and on the second loan, $2,840.34 in principal and $5,052.17 in interest ($7,892.51 total). See generally Am. Compl.[5] Plaintiff also seeks attorney's fees and costs. See generally Motion.  Below, the undersigned addresses whether entry of a default judgment is appropriate, followed by a discussion of the amounts to which Plaintiff is entitled based on the loan debts and requests for attorney's fees and costs.

### A.  Jurisdiction

The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States.  See 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits, or proceedings commenced by the United States").  The Court has personal jurisdiction because Defendant resides in Duval County, Florida.[6] See Am. Compl. at 1 ¶ 2.

---

[4]      All page numbers in citations to the Motion refer to the page numbers assigned by the Court's Electronic Case Filing System.

[5]      As explained below, see infra note 8, these amounts differ from those listed in the Motion, see Motion at 2.

[6]      Although Defendant waived venue by defaulting, see Hoffman v. Blaski, 363 U.S. 335, 343 (1960) (stating that a "defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default"), the undersigned recognizes that venue is also appropriate here pursuant to 28 U.S.C. § 1392(b).
    The undersigned also finds that to the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.  On May 7, 2015, Lori Middleton, a process server,
(continued...)

**B. Cause of Action**

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder of the note[s]; and (3) the note[s are] in default." <u>United States v. Hickey</u>, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished Report and Recommendation), <u>adopted</u>, 2012 WL 933206 (Mar. 20, 2012) (unpublished); <u>see</u> <u>United States v. Carter</u>, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision) (citing <u>United States v. Lawrence</u>, 276 F.3d 193, 197 (5th Cir. 2001)).

Here, the body of the Amended Complaint never alleges that Defendant executed promissory notes or that the United States is the present holder of the promissory notes. Attached to the Amended Complaint, however, are two Certificates of Indebtedness from the U.S. Department of Education ("Department"), one for each of Plaintiff's two claims. <u>See</u> Am. Compl. Exs. A, B.  These are considered to be part of the Amended Complaint.  <u>See</u> Fed. R. Civ. P. 10(c) (providing that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

On or about August 12, 1989, Defendant executed promissory notes for two loans. Am. Compl. Exs. A, B.  Defendant is in default on the promissory notes, and the United

---

[6](...continued)
filed a declaration stating that "[b]ased upon inquiry of party served (Deavius Bozman, Defendant's brother/co-resident), Defendant is not in the Military Service of the United States of America." <u>See</u> Return of Service (Doc. No. 6) at 2.  In a declaration by Plaintiff's counsel that is attached to the Motion, Plaintiff's counsel states that "[D]efendant is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. [a]pp. Section 520."  Motion at 17 (Declaration for Entry of Default Judgment).

States now holds them.[7]  Id.  The Certificates of Indebtedness reflect that as of November 20, 2015, on one loan, Defendant owed Plaintiff $3,870.89 in principal and $5,705.38 in interest, Am. Compl. Ex. A; on the other loan, Defendant owed Plaintiff $2,840.34 in principal and $5,052.17 in interest, Am. Compl. Ex. B.  On the first loan, "[i]nterest accrues . . . at the current rate of 3.54% and a daily rate of $0.38 through June 30, 2015, and thereafter at such a rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a."  Am. Compl. Ex. A.  Interest accrues on the second loan at a rate of 8% and a daily rate of $0.62.  Am. Compl. Ex. B.

Plaintiff represents in the Amended Complaint that "[d]emand has been made upon [D]efendant for payment of the indebtedness, and [D]efendant has neglected and refused to pay the same."  Am. Compl. at 2.  In addition to the relief outlined above, Plaintiff seeks "prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961," with "interest on the judgment . . . at the legal rate until paid in full."  Id. at 2.  Plaintiff also seeks attorney's fees and "such other relief which the Court deems proper."  Id. at 3.

By failing to answer the Amended Complaint or otherwise appear in this case, Defendant is deemed to have admitted that he signed the promissory notes for the loans,

---

[7]        According to the Certificates of Indebtedness, Plaintiff secured two loans from the Bank of Horton.  Am. Compl. Exs. A, B.  The loan obligations were guaranteed by Nebraska Student Loan Program and then reinsured by the Department of Education.  Id.  When the Bank of Horton demanded payment, Defendant defaulted, and the Bank of Horton filed claims on Nebraska Student Loan Program. Id.  Nebraska Student Loan Program paid a portion of the claims to the Bank of Horton, and then the Department of Education reimbursed Nebraska Student Loan Program.  Id.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor (Nebraska Student Loan Program) pays on a default claim, the entire amount paid becomes due to the guarantor as principal.  Nebraska Student Loan Program attempted to collect this amount from Defendant but was unsuccessful. Id. On August 22, 1992, Nebraska Student Loan Program assigned its right and title to the loans to the Department of Education.  Id.

that the United States is the present holder of the promissory notes, and that the promissory notes are in default. Accordingly, the undersigned finds that Plaintiff properly states a valid cause of action, and Plaintiff is entitled to entry of default judgment for the two claims in the Amended Complaint.

## C. Damages

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to determine the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation. United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). When the essential evidence regarding damages is before a court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.

Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court. See id. The Certificates of Indebtedness attached to the Amended Complaint establish that as of November 20, 2015, Defendant owed Plaintiff $9,576.27 for the first loan and $7,892.51 for the second loan, which amounts to a total of $17,468.78. Am. Compl. Exs. A, B. Plaintiff is entitled to prejudgment interest accruing on the total principal amounts at the rate set forth in the Certificates of Indebtedness.[8] See id. Plaintiff is further entitled to post-judgment interest at the legal rate

---

[8] The undersigned recognizes that in the Motion, Plaintiff updates the amount of interest owed on the loans to $5,752.12 for the first loan and $5,128.43 for the second loan. See Motion at 2; id. at 8-9 (Declaration of Interest); id. at 17-18 (Declaration for Entry of Default Judgment). The undersigned, however, uses the amount set out in the Certificates of Indebtedness attached to the Amended Complaint in assessing damages.

established by 28 U.S.C. § 1961.

## D. Attorney's Fees and Costs

Plaintiff requests attorney's fees in the amount of $940.00 ($200 per hour x 4.7 hours). See Motion at 15-16 (Declaration of Attorney's Fees).[9]  Plaintiff bases this request on 20 U.S.C. § 1091a(b)(1) and its implementing regulations.  See Motion at 2-3.  A review of the Declaration, the remainder of the file, and the applicable law reflects that the rate of $200 is reasonable.[10] The undersigned, therefore, recommends that the 4.7 hours Plaintiff requests be awarded for a total of $940.00.

Finally, incorporated into the Motion is a "Bill of Costs."  Motion at 3 (capitalization omitted).  Plaintiff requests $99.82 in costs for "fee for service and travel per 28 U.S.C. [§] 1921."  Id. (capitalization omitted).   An invoice attached to the Motion breaks down the $99.82 in costs into $45.00 for the "service fee," $35.00 for the "rush fee," and $19.82 for "Fed-Ex overnight."  Motion at 10 (Invoice).  Pursuant to Rule 54(d), "costs should be allowed to the prevailing party" unless there is a court order, United States statute, or rule to the contrary.   The recovery of costs is subject to the Court's broad discretion, see Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991), and is limited to those costs expressly provided for by statute, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  The service of process fee is a taxable cost.   See U.S. E.E.O.C. v. W&O, Inc.,

---

[9]     The Motion elsewhere indicates that Plaintiff seeks $1,040.00 in attorney's fees, but Plaintiff does not provide any basis for this amount.  See Motion at 2; id. at 18 (Declaration for Entry of Default Judgment).

[10]     The undersigned also recognizes that Plaintiff's counsel has been awarded a $200 hourly rate in similar cases in this District.  See United States v. Ritchie, No. 3:13-cv-676-J-34JBT (Doc. Nos. 9, 12, 13) (M.D. Fla. 2013); United States v. Muldrow, No. 6:13-cv-881-Orl-37TBS (Doc. Nos. 12, 13) (M.D. Fla. 2013).

213 F.3d 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921").  "Rush fees" and courier fees, however, are not recoverable under § 1920.[11]  F.D.I.C. v. Hoolihan, No. 2:13-cv-541-FtM-38DNF, 2013 WL 6597052, at *1 (M.D. Fla. Dec. 16, 2013) (unpublished); Blowbar, Inc. v. Blow Bar Salon, Inc., 2013 WL 6244531, at *6 (M.D. Fla. Dec. 3, 2013) (unpublished).  The undersigned recommends, therefore, that Plaintiff be awarded costs in the amount of $45.00.

### V.  Conclusion

Upon review of the Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of default judgment against Defendant.  Accordingly, it is

**RECOMMENDED THAT:**

1.      Plaintiff's Motion for Entry of Default Judgment (Doc. No. 18) be **GRANTED in part and DENIED in part.**

2.      The Motion be **GRANTED to the extent** that the Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts: $3,870.89 in principal, $5,705.38 in prejudgment interest as of November 20, 2015, with prejudgment interest on the total principal accruing at such a rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a; $2,840.34 in principal, $5,052.17 in prejudgment interest as of November 20, 2015, with prejudgment interest accruing at a rate of $0.62 per day; interest on both principal amounts from the date of judgment at a legal rate set forth in 28 U.S.C. § 1961 until paid in full;

---

[11]      Plaintiff provides no indication as to why costs were incurred for both a "Rush Fee" and "Fed-Ex Overnight."   Absent any explanation from Plaintiff, the undersigned considers the "Fed-Ex Overnight" cost a "rush fee."   As such, it is not recoverable.

$940.00 in attorney's fees; and $45.00 in costs.

     3.       The Motion otherwise be **DENIED**.

     4.       The Clerk of Court be further directed to close the file.

     **RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 4, 2016.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Terrence L. Bozman
1611 East 19th Street
Jacksonville, FL 32206